OPINION
{¶ 1} David D. Leet is appealing from his sentences imposed by the trial court after his plea of guilty to two counts of gross sexual imposition against children under the age of thirteen years and over an eighteen month time span. (Tr. 16). The trial court sentenced Mr. Leet to the maximum prison term of five years on each count, to be served consecutively.
 {¶ 2} Mr. Leet's assignment of error on appeal is:
 {¶ 3} "The trial court erred in imposing maximum and consecutive sentences."
 {¶ 4} He brings this assignment of error in spite of the fact that during the sentencing hearing, the court asked him if he had anything to say and he responded: "Ma'am, I'm sorry for what had [sic] happened. Whatever you sentence me, I guess that is what I deserve." (Tr. 13).
 {¶ 5} As to the imposition of maximum sentences for both counts of gross sexual imposition, it would appear this court lacks jurisdiction to review the imposition of the maximum sentences. The relevant statute provides that a defendant may appeal a maximum prison sentence where the sentence was imposed for only one offense or the sentence was imposed for two or more offenses arising out of a single incident. R.C. 2953.08(A)(1)(a) (b). In this case, the defendant received the maximum prison term for not one but two offenses (Tr. 13), and the offenses did not arise out of a single incident but rather were committed against two separate children during different time periods (Tr. 16). We agree with the State's contention that in this situation for the facts cited above, this court lacks jurisdiction to review the imposition of the maximum sentences on Leet. We have so held before on similar circumstances. Statev. Stillgess (July 13, 2001), Champaign App. No. 00CA22, 2001-Ohio-1532, at paragraph 4.
 {¶ 6} As to the imposition of the sentences consecutively, we find the trial court set forth in full its reasons and necessary findings to support the consecutive sentences in its sentencing hearing verbally from the bench. (Tr. 13-17). It made the findings necessary pursuant to R.C. 2929.14(C)(E) and it set forth in full its reasons as mandated by R.C. 2929.19(B)(2)(c). These findings and reasons are set forth in full in the appellee's brief and we see no need to repeat them here as we reviewed the transcript of the entire record and find that they exist.
 {¶ 7} The assignment of error is overruled and the judgment will be affirmed.
Brogan, P.J. and Grady, J., concur.